UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY EUGENE WILSON, JR., <br><br>  Petitioner, <br> v. <br> DAVID B. LONG, Acting Warden, <br><br>  Respondent. | Case No.:12cv415 AJB (BLM) <br><br> ORDER: <br><br> (1) ADOPTING IN FULL REPORT AND RECOMMENDATION, (Doc. No. 25); <br><br> (2) REJECTING PETITIONER'S OBJECTIONS, (Doc. No. 27); <br><br> (3) DENYING AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (Doc. No. 1); AND <br><br> (4) DENYING CERTIFICATE OF APPEALABILITY, (Doc. No. 29) |

    On February 15, 2012, Petitioner Larry Eugene Wilson, Jr. ("Petitioner"), a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). (Doc. No. 1.) The Petition challenged his conviction in San Diego Superior Court Case No. SCD201574, to four counts of forcible rape, one count of forcible sodomy, and one count of kidnapping for the purposes of rape ("aggravated kidnapping"). (*Id.*) Respondent filed an answer to the Petition on May 22, 2012. (Doc. No. 13.) On February 6, 2013, Magistrate Judge Barbara L. Major issued a report and recommendation ("R&R"), recommending that the Court deny the Petition. (Doc.

No. 25.) Petitioner filed timely objections to the R&R on March 1, 21013, (Doc. No. 27), followed by a motion/request for issuance of a certificate of appealability on March 15, 2013, (Doc. No. 29). Respondent did not file objections or otherwise respond to Petitioner's objections. For the reasons set forth below, the Court ADOPTS the R&R in full, (Doc. No. 25), DENIES the Petition, (Doc. No. 1), and DENIES Petitioner's request for a certificate of appealability, (Doc. No. 29)

## BACKGROUND

The following facts come from the California Court of Appeal opinion in People v. Wilson, Appeal No. D052986, and are presumed correct pursuant to 28 U.S.C. § 2254(e)(1).[1]

> On July 10, 1999, victim Stacey W. and her friends went to Canes Bar and Grill in Mission Beach. While at Canes, Stacey socialized with her friends and drank alcohol. At about 1:45 a.m., Stacey escorted one of her friends out of Canes and into a taxi. As she walked back to the bar to find the rest of her friends, Stacey heard a man say "excuse me" or "Stacey" from inside a parked car. Realizing that she did not know the man, Stacey turned to walk away. As she walked away, the man grabbed Stacey and forced her into the passenger side of the car. Stacey identified Wilson as the man who grabbed her.
>
> Once Stacey was inside the car, Wilson punched her in the face and threatened to kill her. Wilson began driving and eventually stopped the car in a secluded parking lot. Wilson then pinned Stacey down, tore off her underwear and repeatedly penetrated her vagina and anus with his penis. Wilson then resumed driving, stopped the car in another parking lot and again repeatedly penetrated Stacey's vagina with his penis.
>
> After Wilson once again resumed driving, he told Stacey that he planned to kill her because she had seen his face. Stacey falsely responded that Wilson should not kill her because she had a two-year-old son at home who needed his mother. At that point, Wilson's demeanor changed, and he demanded that Stacey remove her jewelry. After Stacey complied with Wilson's demand, he pulled over to the side of the road, let Stacey out of the car and drove away. Stacey flagged down a passing limousine and told the driver she had been raped. The driver took Stacey to her apartment.
>
> When Stacey arrived at her apartment, her roommate called the police. An ambulance transported Stacey to Villa View Community Hospital where

---

[1] The Court presumes the state court's factual determinations to be correct absent clear and convincing evidence to the contrary. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Parke v. Raley*, 506 U.S. 20, 35 (1992) (holding findings of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness).

> forensic nurse examiner Claire Nelli conducted a sexual assault examination. Nelli noted bruising on Stacey's leg and face. A vaginal examination revealed substantial abrasion, bruising, and other trauma. Nelli also collected physical evidence from Stacey's body.
>
> In 2002, the San Diego Police Department Crime Laboratory analyzed and extracted DNA evidence from vaginal swabs taken during Stacey's sexual assault examination. In 2006, the crime lab was informed of a match between Wilson, a subject in Kansas' DNA database, and the unknown DNA sample taken from Stacey's vaginal swab. A San Diego Police Department criminalist confirmed the match.
>
> Wilson was arrested and charged with four counts of forcible rape, one count of forcible sodomy, and one count of kidnapping for the purpose of rape. The charging information also alleged as to the forcible rape and forcible sodomy counts that Wilson kidnapped and substantially increased the risk of harm to Stacey. A jury convicted Wilson on all counts and found all special allegations true. The court sentenced Wilson to a total term of 58-years-to-life in prison.

(Lodgment 5 at 2-3.)

On October 17, 2008, Petitioner appealed his conviction, arguing that the admission of Claire Nelli's expert testimony, which stated that the victim's injuries were consistent with non-consensual sexual intercourse, was reversible error. (Lodgment 2 at 12.) The California Court of Appeal filed an opinion affirming the judgment of the trial court on April 8, 2009. (Lodgment 5 at 6.) Petitioner thereafter filed a petition for review in the California Supreme Court reasserting the same claim. (Lodgment 6.) On June 17, 2009, the California Supreme Court summarily denied the petition. (Lodgment 7.) On February 19, 2010, Petitioner filed his initial state habeas petition in the California Court of Appeal, (Lodgment 8), which denied the petition without prejudice and directed Petitioner to refile his petition in the San Diego County Superior Court, (Lodgment 9).

Petitioner then filed his petition in the San Diego County Superior Court, wherein he argued that the prosecution of his case was barred by the statute of limitations and that both his trial and appellate counsel were ineffective. (Lodgment 10 at 1, 10.) On June 3, 2010, the Superior Court denied the petition, finding that the prosecution of Petitioner's case was not barred by the statute of limitations, Petitioner's sentence of "fifty-eight years to life" was proper pursuant to Penal Code § 667.61(d)(2), and Petitioner's

ineffective assistance of counsel claim based on his trial and appellate counsel's failure to assert the statute of limitations defense without merit. (Lodgment 11 at 3, 4.) On July 23, 2010, Petitioner filed his habeas petition in the California Court of Appeal asserting the same claims. (Lodgment 12.) The Appellate Court denied the petition on August 24, 2010. (Lodgment 13.) On August 1, 2011, Petitioner filed a habeas petition in the California Supreme Court asserting three grounds for relief: (1) the prosecution had not proved every element of aggravated kidnapping (Count 6) beyond a reasonable doubt; (2) the prosecution relied on an invalid statute of limitations in violation of the Ex Post Facto Clause; and (3) Petitioner's trial and appellate counsel were ineffective. (Lodgment 19.) The California Supreme Court summarily denied the petition on December 14, 2011. (Lodgment 20.)

Petitioner filed the instant Petition on February 15, 2012, raising three independent grounds for relief: (1) his constitutional due process rights were violated because there was insufficient evidence to prove the required specific intent required to sustain a conviction for aggravated kidnapping (Count 6); (2) his conviction on Count 1 through 5 for forcible rape and forcible sodomy violated the Ex Post Facto Clause; and (3) his trial and appellate counsel were constitutionally ineffective.[2] (Doc. No. 1.)

## LEGAL STANDARDS

**I.    Review of the Report and Recommendation**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear

---

[2] The Court combined grounds three and four, as both are based on Petitioner's allegation that his counsel (either trial or appellate) were constitutionally ineffective. (Doc. No. 1.)

error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**II.     Standard of Review for Federal Habeas Corpus Relief**

A petitioner in state custody pursuant to the judgment of a state court may challenge his detention only on the grounds that his custody is in violation of the United States Constitution or the laws of the United States. 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (codified as amended 28 U.S.C. § 2254(d)), applies to § 2254 habeas corpus petitions filed after 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). Pursuant to the AEDPA, when a petitioner does not challenge a state court's determination of the evidence, a § 2254 habeas corpus petition must not be granted with respect to any claim adjudicated on the merits by a state court, unless the adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

To determine what constitutes "clearly established federal law" under 28 U.S.C § 2254(d)(1), courts look to Supreme Court holdings existing at the time of the state court decision. *Lockyear v. Andrade*, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). A state court decision is contrary to clearly established federal law when the court applies a rule that contradicts the governing law set forth in United States Supreme Court cases. *Id*. at 73 (citing *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). A state court decision is also contrary to clearly established federal law when the court confronts a set of facts that are materially indistinguishable from a United States Supreme Court decision but reaches a result different from that Supreme Court decision. *Id.* A state court decision involves an unreasonable application of clearly established federal law when it "correctly identifies the governing legal rule but

applies it unreasonably to the facts of a particular prisoner's case." *Penry v. Johnson*, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (quoting *Williams*, 529 U.S. at 407–08) (internal quotation marks omitted). To be an unreasonable application of federal law, the state court decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Lockyear*, 538 U.S. at 75.

When there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision. *Y1st v. Nunnemaker*, 501 U.S. 797, 801–06, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991). When the state court does not supply reasoning for its decision, an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This independent review is not de novo; the federal court defers to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

## DISCUSSION

Petitioner's objections essentially repeat the same arguments already asserted before Magistrate Judge Major and considered in the R&R: (1) there was insufficient evidence to convict him of aggravated kidnapping (Count 6); (2) the prosecution of Counts 1 through 5 constituted an ex post facto violation of the applicable statute of limitations; and (3) both his trial and appellate counsel were ineffective. Accordingly, the Court makes a de novo determination as to those portions of the R&R to which Petitioner objects.

**I.     Insufficient Evidence for Count 6: "Aggravated Kidnapping"**

Petitioner's first objection argues that his conviction for aggravated kidnaping violated his constitutional due process rights because he was actually tried for simple kidnaping rather than aggravated kidnaping, and nonetheless, the prosecution did not present sufficient evidence that he had the specific intent to rape the victim when he kidnapped her. Petitioner further argues, as he did before Judge Major, that he is not asserting that the jury was improperly instructed; rather, he is arguing that the jury was

properly instructed on the charge of simple kidnapping after the prosecution found there was insufficient evidence to proceed with a charge for aggravated kidnapping.[3] Petitioner did not present this argument to any court other than the California Supreme Court, (Lodgment 19A at 7), which summarily denied the petition on December 14, 2011, without a statement of reasoning or citation to authority, (Lodgment 20).

A habeas petitioner challenging a state criminal conviction based on sufficiency of the evidence is entitled to relief "if it is found that upon the evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The critical inquiry is whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt when the evidence is viewed in the light most favorable to the prosecution. *Id.* at 318-19. If the record contains facts that support conflicting inferences, the reviewing court must presume that the trier of fact resolved any conflicts in favor of the prosecution and defer to that determination. *Id.* at 326. Under the AEDPA, courts apply the *Jackson* standard with an additional layer of deference. *Shakir v. Lewis*, No. 11-55009, 2013 WL 1288072, at *1 (9th Cir. Apr. 1, 2013). Thus, when the last state court to consider a petitioner's claim denies it without explanation, a petitioner is entitled to relief only if "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011); *see also Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005) (explaining that a federal habeas petitioner's *Jackson* claim is subject to doubly deferential review under AEDPA).

In evaluating a sufficiency of the evidence claim, the reviewing federal court must look to the applicable state law defining the substantive elements of the crime. *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004) (en banc) ("The *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as

---

[3] Petitioner also objects to the R&R on the basis that the R&R stated that the "trial court" violated his constitutional rights, when in fact, Petitioner maintains that it was the State of California, in particular the prosecuting agent, that violated his constitutional due process rights. These objections however do not change the substance or the resulting merit of Petitioner's claims.

defined by state law.") (citing *Jackson*, 443 U.S. at 324 n.16). Under California law, for aggravated kidnapping to occur, "the victim must be forced to move a substantial distance, the movement cannot be merely incidental to the target crime, and the movement must substantially increase the risk of harm to the victim." *People v. Dominguez*, 39 Cal. 4th 1141, 1153, 47 Cal. Rptr. 3d 575, 140 P.3d 866 (Cal. Ct. App. 2006). In assessing whether the movement was "incidental" or a "substantial distance," a jury considers "the context of the environment in which the movement occurred" and the scope and nature of the movement. *People v. Rayford*, 9 Cal. 4th 1, 12, 36 Cal. Rptr. 2d 317, 884 P.2d 1369 (Cal. Ct. App. 1994). "The essence of aggravated kidnapping is the increase in the risk of harm to the victim caused by the forced movement." *Id*. Thus, a jury should also consider "whether the movement decreases the likelihood of detection, increases the danger inherent in a victim's foreseeable attempts to escape, or enhances the attacker's opportunity to commit additional crimes." *Id.*

In the present case, Petitioner was charged and convicted of four counts of forcible rape (Pen. Code § 261(a)(2), Counts 1, 2, 4, and 5), one count of forcible sodomy (Pen. Code § 286(c)(2), Count 3), and one count of kidnapping for the purpose of rape (Pen. Code § 209(b)(1), Count 6 "aggravated kidnapping"). (Lodgment 19A at 64-71.) The jury also found true certain special allegations attached to Counts one through five, in that Petitioner kidnapped and substantially increased the harm to the victim under the above noted charges, (Penal Code § 667.61(b)(c)(e)). (*Id.*) As a result, Petitioner was sentenced to a term of fifty-eight years to life. (*Id.*) However, because the special allegations attached to Counts one through five involved the same criminal acts as those Petitioner was charged and convicted with in Count six, and Penal Code § 654 prohibits multiple punishments for the same criminal act, the trial court stayed Petitioner's sentence as to Count 6. (Lodgment 1 at 251.)

Based on the above, Petitioner's main objection appears to focus on the fact that he could not possibly have been tried and convicted for aggravated kidnapping because the jury was instructed on the charge of simple kidnapping. Although Petitioner is correct, in

that the jury was instructed on the elements of simple kidnapping and not aggravated kidnapping, his objections nonetheless lack merit.[4] First, because Petitioner presented this argument to the California Supreme Court, which summarily denied his petition, under *Jackson*, Petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784. Petitioner, however, is unable to meet this burden, as the prosecution presented sufficient evidence at trial from which a rational jury could reasonably find that Petitioner kidnapped the victim with the specific intent to rape her. For example, the victim testified that when she was walking back to Cane's nightclub, Petitioner called out to her, and after she ignored his requests, he grabbed her by the throat and hair, told her to "Shut up, or I will kill you," and pushed her into his car. (Lodgment 1 at 189-97.) The victim then testified that he punched her in the eye, pulled her down in the seat, and told her again to shut up or he would kill her. (*Id.*) Thereafter, the victim testified that Petitioner drove to a location near Balboa Park and raped her, and after she unsuccessfully tried to resist him, he sodomized her. (*Id.* at 197-206.) This evidence was further corroborated by the testimony of the victim's roommate, Lani Lutar, the testimony of the victim's friend, Stephanie Grace, and the testimony and expert report of Claire Nelli, the registered nurse who performed the rape kit on the

---

[4] A conviction for a charge of aggravated kidnapping requires that the prosecution prove each of the following elements beyond a reasonable doubt: (1) the defendant intended to commit rape; (2) acting with that intent, the defendant took, held, or detained another person by using force or by instilling a reasonable fear; (3) using that force or fear, the defendant moved the other person (or made the other person move) a substantial distance; (4) the other person was moved or made to move a distance beyond that merely incidental to the commission of a rape; and (5) the other person did not consent to the movement. CALCRIM No. 1203.

By means of comparison, the jury was instructed on count six (kidnapping) as follows: (1) the defendant took, held, or detained another person by using force or by instilling reasonable fear; (2) using that force or fear the defendant moved the other person or made the other person move a substantial distance; (3) the other person did not consent to the movement; and (4) the defendant did not actually and reasonably believe that the other person consented to the movement. (Lodgment 1 at 630:21-631:3.) Respondent agrees that there was a joint error between both counsel and the court in focusing on the "specific intent" required with respect to the special enhancements under Penal Code §667.61, wherein the specific intent element was omitted from count 6.

victim. Accordingly, based on the evidence presented at trial, a jury could reasonably infer that Petitioner kidnapped the victim with the intent to rape her.

Second, the jury found Petitioner guilty of four counts of rape and one count of sodomy, in addition to the special allegations regarding each of these charges. With respect to the special allegations, the jury was instructed as follows:

> If you find the Defendant guilty of the crimes charged in counts one, two, three, four, or five, you must then decide whether, for each crime, the People have proved the additional allegation that the defendant kidnapped [the victim], increasing the risk of harm to her. You must decide whether the People have proved this allegation for each crime and return a separate finding for each crime. To prove this allegation, the People must prove that: one, the Defendant took, held or detained [the victim] by the use of force or by instilling reasonable fear; two, using that force or fear the Defendant moved [the victim] a substantial distance; three, the movement of [the victim] substantially increased the risk of harm to [the victim] beyond that necessarily in the rape or sodomy; four, [the victim] did not consent to the movement; and, five, the Defendant did not actually and reasonably believe that [the victim] consented to the movement.

(Lodgement 1 at 629:12-630:5.) Thus, although the jury was never specifically instructed to make a finding as to whether Petitioner had the specific intent to rape the victim when he kidnapped her, based on the jury instructions for the special allegations, and "viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime [of aggravated Kidnapping] beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

Finally, as stated by Judge Major and acknowledged by Petitioner, the trial court stayed his sentence for Count 6, the aggravated kidnapping offense, because the special allegations involved the same criminal acts as those alleged in Count six. (Lodgment at 251; Doc. No. 27 at 29:23-25.) Thus, any error pertaining to this offense was harmless.[5] Accordingly, Petitioner's objections to the R&R based on sufficiency of the evidence are overruled, and Petitioner's claim for relief on this ground is DENIED.

---

[5] Although Petitioner explicitly states that he is not objecting to the R&R on the basis that the jury was improperly instructed, the Court agrees with the R&R, in that such claim fails because it is not exhausted and is otherwise without merit. (Doc. No. 25 at 11:6-12:6.) Because Petitioner does not object to the R&R on this basis the Court does not conduct a de novo review and adopts the findings of the R&R.

## II. Ex Post Facto Clause Violation

Petitioner's second objection essentially argues that Judge Major erred in recommending dismissal of his Petition because the 2005 amendment to the previously existing statute of limitation period for the charged offenses unconstitutionally lowered the state's burden of proof in violation of the Ex Post Facto Clause. (Doc. No. 27 at 36-37.) Petitioner presented this claim in a similar fashion to the California Court of Appeal, (Lodgement 12), and the California Supreme Court, (Lodgment 19). The Court of Appeal denied the petition in a reasoned opinion on August 24, 2010, (Lodgment 13), and the California Supreme Court summarily denied the petition on December 14, 2011, (Lodgment 20).

As Judge Major correctly notes, "the Ex Post Facto Clause prohibits laws that retroactively increase the penalty for a crime." *Moor v. Palmer*, 603 F.3d 658, 663 (9th Cir. 2010) (citing *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995)). "A law violates the Ex Post Facto Clause if it is: 1) retroactive - it applies to events occurring before its enactment; and 2) detrimental - it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Brown v. Palmateer*, 379 F.3d 1089, 1093 (9th Cir. 2004) (citations and internal quotation marks omitted). Laws that extend the limitation period for prosecution of a crime after the previously-applicable statute of limitations period has expired violate the Ex Post Facto Clause. *Stogner v. California*, 539 U.S. 607 633-34 (2007). However, if such laws extending the limitations period are enacted before the previously-applicable limitations period has expired, application of the new limitations period does not violate the Ex Post Facto Clause because the original limitation period never expired. *Renderos v. Ryan*, 469 F.3d 788, 795 (9th Cir. 2006) ("The Court observed that the evils sought to be avoided by the Ex Post Facto Clause were visited upon Stogner because he went years under the belief that he would not be prosecuted, and there was an irrebuttable presumption that one is prejudiced under such a belief.").

Petitioner further objects to the R&R on the basis that although *Brown v. Palmateer*, 379 F.3d 1089 (9th Cir. 2004) and *Moor v. Palmer*, 603 F.3d 658 (9th Cir. 2010), are "good case law," the Supreme Court's holding in *Carmell v. Texas*, 529 U.S. 513, 120 S. Ct. 1620 (2000) is more applicable to the instant case and supports a clear violation of the Ex Post Facto Clause.  Petitioner's argument however is misplaced.  In *Carmell*, the Supreme Court stated that "[a] law reducing the quantum of evidence required to convict an offender is as grossly unfair as, say, retrospectively eliminating an element of the offense, increasing the punishment for an existing offense, or lowering the burden of proof," and all such instances possibly violate the Ex Post Facto Clause.  *Id*. At 523.  None of these circumstances are present in Petitioner's case.  Here, the amendments did not alter the punishment for the charged crimes or change the prosecution's burden of proof.  *See In re White*, 163 Cal. App. 4th 1576, 1580-81 (Cal. Ct. App. 2008).  Instead, the original statute of limitations period for Petitioner's crimes, which was initially six years, was extended by amendment to ten years, which occurred prior to the expiration of the original statute of limitations.[6]  Thus, Petitioner's prosecution in 2007 was timely and did not violate the Ex Post Facto Clause.  *See Renderos*, 469 F.3d at 795 ("Here, § 803(g) was enacted while the limitations periods were still running on the claims against Renderos.  This is, therefore, precisely the type of statute that [the] *Stogner* [court] expressly stated it was not striking down.").[7]

Moreover, any argument by Petitioner that the statute of limitations is an element of the offense and must be specifically alleged in the charging document is contrary to established law.  *See People v. Bunn*, 53 Cal. App. 4th 227, 233, 61 Cal. Rptr. 2d 734

---

[6] When the crimes were committed on July 10, 1999, the six year statute of limitations set forth in Penal Code § 800 governed.  As a result, the prosecution was required to file charges on later than July 10, 2005.  However, the six year statute of limitation period was extended to ten years in 2001, four years before the original statute of limitation period would have elapsed.  This same finding was noted by Judge Major and the California Court of Appeal.  (Doc. No. 25; Lodgment 13.)

[7] It is also irrelevant to the determination of the instant petition whether Petitioner acknowledges that the statute of limitations for the charged crimes was changed from six years to ten years.  The statute of limitation was amended regardless of Petitioner's acknowledgment of such.

(Cal. Ct. App. 1997). Instead, all that an accusatory pleading must allege is facts showing that the prosecution is not barred by the applicable statute of limitations. *See People v. Crosby*, 58 Cal. 2d 713, 724, 25 Cal. Rptr. 847, 375 P.2d 839 (Cal. 1962). This was satisfied here, wherein the charging document adequately alleged that the prosecution was commenced within the applicable statute of limitations—the prosecution was not required to specifically plead section 801.1(b) or its predecessor statute section 803. Accordingly, Petitioner's second claim for relief based on violation of the Ex Post Facto Clause is DENIED.

### III.   Ineffective Assistance of Counsel

Petitioner's final objection contends that although he has abandoned his ineffective assistance of counsel claims, he nonetheless maintains the pursuit of his "uninformed advice" subclaim with respect to the "knowing and intelligent waiver." (Doc. No. 27 at 37:11-19.) This objection however is not supported, and Petitioner seems to base his belief that relief should be granted on this claim in the event the Court finds Judge Major erred on Petitioner's first and second grounds for relief: (1) sufficiency of the evidence; and (2) violation of the Ex Post Facto Clause. However, because the Court finds Petitioner's grounds for relief based on sufficiency of the evidence and violation of the Ex Post Facto Clause are without merit, the Court also finds Petitioner's claim for relief based on ineffective assistance of counsel must fail. Therefore, the Court finds Petitioner has failed to make a showing that he was prejudiced by his trial or appellate counsel's alleged deficient performance. Accordingly, the Court finds Petitioner's final claim for relief based on ineffective assistance of counsel is DENIED.

### IV.   Certificate of Appealability

Under the AEDPA, a state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability from the district court judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A court may issue a certificate of appealability only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when a district court has rejected

the constitutional claims on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). In the present case, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court DENIES Petitioner's request for a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court hereby ADOPTS the R&R in full, (Doc. No. 25), OVERRULES Petitioner's objections, (Doc. No. 27), DENIES and DISMISSES the Petition, (Doc. No. 1), and DENIES Petitioner's request for a Certificate of Appealability, (Doc. No. 29). The Clerk of Court is instructed to enter judgment and close the case.

IT IS SO ORDERED.

DATED: May 3, 2013

　　　　　　　　　　　　　　　　　　　　　　Hon. Anthony J. Battaglia
　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge